## JOHN DARNELL v. THE STATE.

1. MALICIOUS MISCHIEF — INDICTMENT. — In a prosecution under art. 714 of the Penal Code (Pasc. Dig., art. 2345), it is not necessary that the ownership of the animal be alleged in the indictment.

2. NEW TRIAL — NEWLY DISCOVERED EVIDENCE — DILIGENCE. — The affidavit of B., whose evidence is claimed to be newly discovered, sets out that defendant lived with him, and was "continuously at his house, either ·lying in bed, or engaged in domestic duties, so that it was impossible for him to have shot the cow." If such were the facts, it is improbable that defendant did not know that B. could prove them, and his failure to subpœna B. shows a total want of diligence, and the court below did not err in refusing a new trial.

APPEAL from the County Court of Burleson. Tried below before the Hon. J. ALEXANDER, County Judge.

It was in evidence that cattle were in the habit of breaking into defendant's field, and that, on this occasion, defendant, asking a witness if he thought he (defendant) could hit a cow, shot towards the cattle while witness's back was turned. Defendant was found guilty, and fined $50.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J. In *Benson v. The State*, 1 Texas Ct. App. 6, it was held that "art. 714 of the Penal Code (Pasc. Dig., art. 2345) was enacted to prevent cruelty to certain animals, whether by the owner or another person, and that it was not necessary, in the indictment, to allege the ownership of the animal, nor to negative the idea that it is the property of the accused." *Collier* v. *The State*, 4 Texas Ct. App. 12; *Turman* v. *The State*, 4 Texas Ct. App. 586. Tested by the established rules, the indictment in this case is a good one.

There is a total want of diligence shown on the part of defendant to procure the testimony of the witness Brooks, whose evidence is claimed, in the motion for a new trial, to be newly discovered. If defendant was living with Brooks at the time the cow was killed, and was continuously at his house, " either lying in bed or attending to some domestic matters, so that it was impossible for him to have then been guilty of shooting a cow," as Brooks states in his affidavit, it seems unreasonable and improbable that he did not know that Brooks could prove these facts.

The court did not err in overruling the motion for a new trial; and, there being no error seen in the record, the judgment is affirmed.

*Affirmed.*